## UNITED STATES DISTRICT COURT
## OF DISTRICT OF COLUMBIA

Nakia Norman

        Plaintiff,

        vs.

OPEQUON MOTORS INC,
GM FINANCIAL

        Defendants

Case: 1:25-cv-00434
Assigned To: Unassigned
Assign. Date: 2/14/2025
Description: Pro Se General (F-DECK)

**Date: February 14, 2025**

## COMPLAINT FOR CONTRACT FRAUD PURSUANT TO TILA

To the Honorable Judge of the United States District Court:

Plaintiff Nakia Norman ("Plaintiff"), by and through her undersigned counsel, brings this action against Opequon Motors Inc. ("Defendant") & GM Financial (Defendant) and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.
2. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as Defendant is located within this District.

### PARTIES

3. Plaintiff Nakia Norman is a natural person residing at: 38 Ontario Drive Falling Waters, WV 25419.

RECEIVED

FEB 1 4 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

4. Defendant Opequon Motors Inc. is a corporation located at: 838 Moler Ave Martinsburg, WV 24504.
5. GM Financial is a corporation located at: 801 Cherry Street Fort Worth, TX 76102

## FACTS

6. On or about 03/24/2022, Plaintiff entered into a motor vehicle retail installment contract ("Contract") with Defendant for the purchase of a 2016 GMC ACADIA SLE vehicle.
7. Plaintiff was never told that the Instrument plaintiff created (Promissory Note) was an asset to cover the 2016 GMC ACADIA SLE.
8. Plaintiff was also misled to believe a down payment of $5,000 dollars was required in a credit transaction. This illegal down payment is a violation of the Truth in Lending Act there not cash required in a Consumer Credit Transaction.
9. Plaintiff was never told that the Instrument would be sold to GM Financial on my behalf for what the amount financed box display in the Promissory Note.
10. Defendant Opequon Motors Inc conspired with Defendant GM Financial to mislead Plaintiff into believing that GM Financial lent Plaintiff money to obtain the vehicle, when in fact, no loan was made.
11. Pursuant to 12 U.S.C. § 1431, banks cannot lend money; their duties are to borrow money and purchase securities.
12. Plaintiff has discovered that a promissory note was created during the transaction, which is the actual instrument that created the money.
13. Pursuant to UCC 9 § 102(a) (65), a promissory note is an instrument that evidences a promise to pay a monetary obligation. does not evidence an order to pay, and does not contain an acknowledgment by a <u>bank</u> that the bank has received for deposit a sum of money or funds.
14. Plaintiff has obtained forensic evidence that demonstrates fraud was committed in connection with the Contract.
15. Plaintiff has made three attempts to resolve this matter amicably by serving Defendant with an Affidavit of Truth, Notice of Rescission, and Notice of Default with an Opportunity to Cure, but Defendant has failed to respond.

## CLAIMS FOR RELIEF

### Count 1: Contract Fraud Pursuant to TILA

16. Defendant's actions, as described above, constitute a violation of TILA, 15 U.S.C. § 1601 et seq.

17. Plaintiff has forensic evidence that fraud has been committed.

18. Plaintiff seeks compensatory damages in the amount of $100,000 for Financial and Emotional Distress caused by Defendant's fraudulent actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

- Compensatory damages in the amount of $100,000;
- Refund of Down Payment in the amount of $5,000
- Correct the record on the account and discharge the alleged debt.
- Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Nakia Norman